Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| FRANKLIN CREDIT MANAGEMENT CORPORATION<br><br>Recurridos<br><br>v.<br><br>FÉLIX DANIEL RODRÍGUEZ SCHMIDT *t/c/c* FÉLIX RODRÍGUEZ SCHMIDT Y OTROS<br><br>Peticionarios | KLCE202401351 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Sobre:<br>Cobro de Dinero; Ejecución Hipoteca<br><br>Caso Núm.<br>CG2019CV02225 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 13 de febrero de 2025.

La parte peticionaria, el señor Félix Rodríguez Schmidt, la señora Wanda Grandome Godreau, y la Sociedad Legal de Gananciales por ambos compuesta, comparece ante nos para que dejemos sin efecto la *Resolución* emitida el 18 de noviembre de 2024, y notificada el 20 de noviembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante la misma, el foro primario declaró *No Ha Lugar* la solicitud desestimación, y de anotación y sentencia en rebeldía, incoada por la parte peticionaria en contra de la parte recurrida, Franklin Credit Management Corp., como agente de servicio de BOSCO Credit X, LLC.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

### I

El 18 de junio de 2019, se presentó la demanda de epígrafe sobre *cobro de dinero* y *ejecución de hipoteca*. Tras ciertos trámites, el 20 de agosto de 2019, el Tribunal de Primera Instancia refirió a

Número Identificador

RES2025 _____

las partes al proceso de mediación compulsoria en el Centro de Mediación de Conflictos del Tribunal, con el propósito de lograr un acuerdo satisfactorio para ambas partes. A su vez, ese mismo día, emitió una *Resolución*, ordenando la paralización de los procedimientos hasta tanto culminaran los procesos en el Centro de Mediación.

Mientras los procedimientos estaban paralizados, el 21 de septiembre de 2019, la parte peticionaria presentó su *Contestación a Demanda y Reconvención*. En esta, alegó, entre otras cosas, que la parte recurrida incumplió con sus obligaciones contractuales, no actuó conforme lo dispuesto por el ordenamiento jurídico, y les causó daños y angustias mentales a los peticionarios.

El 7 de octubre de 2019, y el 5 de diciembre siguiente, fueron celebradas dos sesiones de mediación entre las partes. Así, el 9 de diciembre de 2019, el Centro de Mediación de Conflictos presentó una *Moción Informativa en Casos de Ejecución de Hipoteca*, junto a una notificación, mediante la cual devolvió el caso al Tribunal de Primera Instancia por razón de desistimiento de las partes.

Tras varios incidentes procesales, y atinente al asunto que atendemos, el 17 de octubre de 2024, la parte peticionaria presentó una *Moción Solicitando Adjudicación de Anotación de Rebeldía, Solicitando se dicte Sentencia sobre la Reconvención Incoada y Solicitando la Desestimación de la Demanda por Incumplirse Flagrantemente con el Requisito Indispensable de Mediación Compulsoria y Mitigación de Pérdidas*. Mediante esta, solicitó que anotara la rebeldía de la parte recurrida, se dieran por admitidas las alegaciones de la *Reconvención*, y se dictara sentencia en rebeldía a su favor. Además, solicitó la desestimación de la demanda de epígrafe por la alegada mala fe de la parte recurrida durante el proceso de mediación, y que se ordenara el pago de costas, por concepto de honorarios de abogado.

No obstante, el 6 de noviembre de 2024, la parte recurrida se opuso a dicho petitorio. Indicó que la parte peticionaria omitió incluir en su pliego que, el 3 de junio de 2021, la parte recurrida había presentado una *Urgente Oposición a Moción Solicitando Orden Protectora y Sentencia Sumaria*, mediante la cual, entre otras cosas, solicitó la desestimación de la *Reconvención* por ser improcedente en derecho, y por haber dejado de incluir en su pliego una relación sucinta de los hechos demostrativos de derecho a un remedio. Especificó, que dicha solicitud aún estaba pendiente de adjudicación por el Foro Primario. A su vez, sostuvo que no obró de mala fe durante el proceso de mediación compulsoria, ya que hubo dos referidos al Centro de Mediación, en los cuales las partes cursaron ofertas transaccionales entre sí, sin poder llegar a un acuerdo. Por tanto, solicitó que se denegara la solicitud de la parte peticionaria.

Así las cosas, el 18 de noviembre de 2024, el Tribunal de Primera Instancia declaró *No Ha Lugar* la solicitud desestimación, y de anotación y sentencia en rebeldía, incoada por la parte peticionaria. El referido dictamen fue notificado el 20 de noviembre de 2024.

Inconforme, el 16 de diciembre de 2024, la parte peticionaria compareció ante nos mediante el presente recurso de *certiorari.* En el mismo expone los siguientes señalamientos:

> Erró el TPI al denegar las mociones de anotación de rebeldía presentadas.

> Erró el Tribunal al denegar las mociones de desestimación presentadas.

Luego de examinar el expediente de autos, y con el beneficio de la comparecencia de las partes, procedemos a expresarnos.

**II**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar

las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden.  Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado  o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

Un examen del expediente que atendemos mueve nuestro criterio a concluir que no concurre condición legítima alguna que amerite imponer nuestras funciones sobre las debidamente ejercidas por el foro primario. A nuestro entender, la determinación aquí recurrida no es una que se aparte de la norma aplicable a los

derechos invocados, ni producto de un abuso de discreción atribuible al Juzgador. La misma se ajusta al estado de derecho aplicable a la materia que atendemos, por lo que, de ninguna forma, transgrede las prerrogativas de la parte peticionaria en los términos que expone en su comparecencia. Siendo ello así, en ausencia de condición alguna que mueva nuestro criterio a estimar que este Foro debe intervenir en la causa de epígrafe en esta etapa de los procedimientos, denegamos la expedición del auto solicitado.

**IV**

Por los fundamentos que anteceden, *se deniega* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones